[Cite as *CitiMortgage, Inc. v. Teofilo*, 2016-Ohio-334.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

CitiMortgage, Inc. successor by merger
to ABN AMRO Mortgage Group, Inc.

    Appellee

v.

Greg Teofilo and Rhonda A. Zahel
aka Rhonda Zahel, et al.

    Appellant

Court of Appeals No. E-14-094

Trial Court No. 2012 CV 0674

**DECISION AND JUDGMENT**

Decided: January 29, 2016

* * * * *

Mia L. Conner, for appellee.

Greg Teofilo, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common

Pleas which granted summary judgment in favor of plaintiff-appellee, CitiMortgage, Inc.

successor by merger to ABN AMRO Mortgage Group, Inc. ("CitiMortgage"), in its

foreclosure action against pro se defendant-appellant, Greg Teofilo, and others.

**{¶ 2}** The undisputed facts of this case are as follows. On November 9, 2001, appellant and defendant Rhonda Zahel, borrowed $120,000 from ABN AMRO Mortgage Group, Inc. ("ABN"), for the purchase of property located on McLarey Lane in Castalia, Ohio, and executed a promissory note for that amount. The promissory note identified ABN as the lender. Under the "Borrower's Promise to Pay" section of the note, the borrowers (appellant and Zahel) "understand * * * [t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The promissory note was secured by a mortgage on the property in favor of ABN. The mortgage was recorded with the Erie County Recorder on November 15, 2001.

**{¶ 3}** On September 1, 2007, ABN and CitiMortgage, Inc., merged, with CitiMortgage, Inc. being named the successor corporation.

**{¶ 4}** On September 6, 2012, appellee filed a complaint in foreclosure against appellant, Zahel, and others. The complaint alleged that appellee was in possession of the promissory note that was secured by the recorded mortgage, that under the terms of the note appellee was due $100,303.59, plus interest of 5.876 percent per year from November 1, 2011, that defendants were in default under the terms of the note, that appellee had performed all conditions precedent to acceleration of the debt and that appellee had accelerated the debt. Appellee therefore asserted that it was entitled to a decree foreclosing the mortgage and ordering the property sold. Attached to the complaint were copies of the promissory note, mortgage and certificate of merger. In his

2.

answer, appellant asserted that because the note had been sold to Fannie Mae, appellee had no vested interest in the note and did not have standing to file the action. In a subsequently filed motion to dismiss, appellant corrected his assertion and stated that the note had actually been sold to Freddie Mac.

{¶ 5} On April 1, 2013, appellee moved for summary judgment. Appellee asserted that pursuant to its merger with ABN, it was the holder of the note and mortgage and was therefore the real party in interest with standing to bring the foreclosure action. Appellee supported its motion with the affidavit of Donald Cummins, the vice president of document control at CitiMortgage. Cummins stated that in his capacity as vice president of document control, he has access to appellee's business records, including loan documents and loan account records maintained by appellee, that the affidavit was based upon his personal review of those records and from his personal knowledge of the operation of and circumstances surrounding the maintenance and retrieval of records in appellee's record keeping systems. Cummins further stated that loan account records are compiled and recorded by appellee in the course of its regularly conducted business activities, that such records are made at or near the time of occurrence of each act or event affecting the account by persons with knowledge of the act or event, and that such records are kept, maintained and relied upon in the course of ordinary and regularly conducted business activities.

{¶ 6} Cummins stated that the business records of appellee relating to appellant's loan that he reviewed and relied upon in making the affidavit included the note, mortgage

3.

and appellee's electronic servicing system. Cummins then stated that appellee's records contain a note executed by appellant in the amount of $120,000 secured by a mortgage on property located in Castalia, Ohio, and that appellee has the right to foreclose because it holds the note and is the servicer of the mortgage. Copies of the note, mortgage and merger documents were attached to the affidavit and Cummins attested to their authenticity. Cummins stated that appellant had defaulted under the terms of the note and mortgage, that appellant's default has not been cured, and that the loan balance has been accelerated making the entire balance due and owing in accordance with the terms of the loan documents. As a result of appellant's default and acceleration of the debt, Cummins attested that appellant owed, as of February 15, 2013, the principal sum of $100,303.59, plus interest of 5.875 percent per year from November 1, 2011. Based on this affidavit, appellee asserted it was entitled to a judgment of foreclosure as a matter of law.

{¶ 7} In his response to appellee's summary judgment motion, appellant continued to assert that appellee was not entitled to judgment because Freddie Mac, not appellee, was the owner of the mortgage.

{¶ 8} On May 29, 2014, the lower court filed an entry granting appellee summary judgment on its foreclosure action. Appellant now challenges that judgment through the following assignments of error:

> Assignment of Error Number 1
>
> The trial court erred in granting summary judgment to CitiMortgage,
>
> Inc. by finding that all necessary parties have been properly served.

4.

Assignment of Error Number 2

The trial court erred in granting summary judgment for the plaintiff, CitiMortgage, Inc. when there still exists a genuine issue of material fact, therefore plaintiff/appellee should not have been entitled to judgment as matter of law pursuant to Ohio Law Civ. R. 56(C). The evidence shows that Freddie Mac purchased the loan from ABN AMRO on December 13, 2001.

Assignment of Error Number 3

The trial court erred in not allowing appellant to obtain discovery, production of documents, or requests for admission within this case pursuant to Ohio Rules of Civil Procedure Title V Discovery Rule 26-37.

Assignment of Error Number 4

The trial court erred not dismissing this case for lack of standing.

{¶ 9} Appellant's first, second and fourth assignments of error are related and will be discussed together. Together, these assignments of error challenge the trial court's order granting appellee summary judgment and finding that appellee had standing to bring this foreclosure action.

{¶ 10} Appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we review the judgment independently and without deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711,

5.

622 N.E.2d 1153 (4th Dist.1993). Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 11} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26, citing *Wachovia Bank of Delaware v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, ¶ 40-45. Appellee's compliance with the third, fourth and fifth factors is not in dispute.

6.

{¶ 12} Appellant has consistently argued throughout this case that appellee did not have standing to bring this foreclosure action because it is not the owner of the promissory note and mortgage. Appellant contends that because Freddie Mac has owned the loan since December 13, 2001, only Freddie Mac has the right to obtain a judgment on the loan and foreclose the mortgage.

{¶ 13} Ohio's version of the Uniform Commercial Code governs who may enforce negotiable instruments, including promissory notes secured by mortgages on real estate. *See* R.C. 1301.01 et seq.[1] A "person entitled to enforce" an instrument includes "the holder of the instrument." R.C. 1303.31(A)(1). The holder of a note and mortgage, however, "[i]s not additionally required to plead that it [i]s the 'owner' of the note and mortgage in its complaint." *Coffey, supra* at ¶ 18. Rather, the standing issue centers on whether the plaintiff was the holder of the note and mortgage on the date the complaint was filed. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28. A "holder" of a negotiable instrument means either of the following:

> (a) If the instrument is payable to bearer, a person who is in possession of the instrument;

---

1. R.C. 1301.01 et seq. were repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011, and renumbered as 1301.201 et seq. Because R.C. 1301.201 et seq. only apply to transactions entered on or after June 29, 2011, we apply former R.C. 1301.01 et seq. to this appeal.

7.

(b) If the instrument is payable to an identified person, the identified person when in possession of the instrument.  R.C. 1301.01(T)(1).

{¶ 14} In support of its summary judgment motion, appellee submitted the affidavit of its vice president of document control.  The affidavit was based on his personal knowledge, confirmed that appellee holds the note, and authenticated the note, mortgage and merger documents which were attached to the affidavit and which Cummins stated are all in appellee's business records.  The note itself is endorsed in blank and, accordingly, is bearer paper.  R.C. 1303.10(A)(2).  In response to appellee's summary judgment motion, appellant argued that Freddie Mac was the true "owner" of the loan.  He supported his response with screen shot copies of email correspondence and a form titled "Does Freddie Mac Own Your Mortgage."  These documents were not authenticated by affidavit and did not otherwise comply with Civ.R. 56(E).  As such, they failed to raise a genuine issue of material fact regarding whether Freddie Mac has any interest in the property at issue and are properly ignored.

{¶ 15} Because appellee was not the original mortgagee, it was required to establish the chain of title.  It did so through its submission of the certificate of merger which states that ABN merged into CitiMortgage, effective September 1, 2007.

"[W]hen a merger between two companies occurs, one of those companies ceases to exist:  '[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former.  Of

8.

necessity, the absorbed company ceases to exist as a separate business entity.'" *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 345, 2012-Ohio-2297, ¶ 12 (*Acordia I*), quoting *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31 (1971). "The absorbed company becomes a part of the resulting company following merger [and] the merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, ¶ 7 (*Acordia II*). *Fidelity Tax, LLC v. Hall,* 10th Dist. Franklin No. 12AP-923, 2013-Ohio-3165, ¶ 18.

{¶ 16} Accordingly, the undisputed facts establish that appellee had standing to bring the foreclosure action against appellant and was entitled to judgment as a matter of law. The first, second and fourth assignments of error are not well-taken.

{¶ 17} Appellant's third assignment of error addresses a discovery issue. Appellant asserts that the lower court erred in denying his many motions to compel appellee to produce documents regarding Freddie Mac's "ownership" of the note and mortgage. We review a trial court's action regarding discovery issues for an abuse of discretion. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). Accordingly, we will only reverse the lower court's ruling if appellant can demonstrate that the ruling was arbitrary, unreasonable or unconscionable. *Calderon v. Sharkey*, 70 Ohio St.2d 218, 219-220, 436 N.E.2d 1008 (1982).

9.

{¶ 18} As discussed above, "ownership" of a note and mortgage are not at issue in a foreclosure action. Accordingly, we cannot find that the lower court abused its discretion in denying appellant's discovery motions in the proceeding below. The third assignment of error is not well-taken.

{¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____

JUDGE

Stephen A. Yarbrough, J.      _____

James D. Jensen, P.J.      JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.