[Cite as *CitiMortgage, Inc. v. Teofilo*, 2016-Ohio-437.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

CitiMortgage, Inc. successor by merger
to ABN AMRO Mortgage Group, Inc.

Court of Appeals No. E-14-110

Appellee

Trial Court No. 2013-CV-0297

v.

Greg Teofilo and Rhonda Zahel
aka Rhonda A. Zahel, et al.

**DECISION AND JUDGMENT**

Appellant

Decided: February 5, 2016

* * * * *

Mia L. Conner, for appellee.

Greg Teofilo, pro se.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This is an appeal from a summary judgment entered by the Erie County

Court of Common Pleas in a foreclosure action filed by plaintiff-appellee, CitiMortgage,

Inc. successor by merger to ABN AMRO Mortgage Group, Inc. ("CitiMortgage"),

against pro se defendant-appellant, Greg Teofilo, and others.

**{¶ 2}** This is a companion case to *CitiMortgage, Inc. v. Teofilo*, 6th Dist. Erie No. E-14-094, 2016-Ohio-334. ("*CitiMortgage I.*") The facts and issues of the two cases are nearly identical, they simply involve two separate parcels of property.

**{¶ 3}** The undisputed facts of this case are as follows. On November 9, 2001, appellant and defendant Rhonda Zahel, borrowed $52,000 from ABN AMRO Mortgage, Group, Inc. ("ABN"), for the purchase of property located on Cement Street in Castalia, Ohio, and executed a promissory note for that amount. The promissory note identified ABN as the lender. Under the "Borrower's Promise to Pay" section of the note, the borrowers (appellant and Zahel) "understand * * * [t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The promissory note was secured by a mortgage on the property in favor of ABN. The mortgage was recorded with the Erie County Recorder on November 15, 2001.

**{¶ 4}** On September 1, 2007, ABN and CitiMortgage, Inc. merged, with CitiMortgage, Inc. being named the successor corporation.

**{¶ 5}** On April 22, 2013, appellee filed a complaint in foreclosure against appellant, Zahel, and others. The complaint alleged that appellee was in possession of the promissory note that was secured by the recorded mortgage, that under the terms of the note appellee was due $44,530.79 plus interest of 6.75 percent per year from October 1, 2011, that defendants were in default under the terms of the note, that appellee had performed all conditions precedent to acceleration of the debt and that appellee had

2.

accelerated the debt. Appellee therefore asserted that it was entitled to a decree foreclosing the mortgage and ordering the property sold. Attached to the complaint were copies of the note, mortgage and certificate of merger. In his answer, appellant asserted that appellee had no standing to file the instant action because it was not the owner of the mortgage which, appellant asserted, had been sold to Freddie Mac.

{¶ 6} On July 7, 2014, appellee filed a motion for summary judgment. Appellee asserted that pursuant to its merger with ABN, it was the holder of the note and mortgage and was therefore the real party in interest with standing to bring the foreclosure action. Appellee supported its motion with the affidavit of Pamela McLaughlin, one of its vice presidents of document control. McLaughlin stated that in that capacity, she was authorized to execute the affidavit on behalf of CitiMortgage, that she has access to appellee's business records and that the affidavit was based on her personal knowledge and review of those records. McLaughlin stated that loan records are compiled and recorded by appellee in the course of its regularly conducted business activities, that those records are made at or near the time of occurrence of each act or event affecting the account by persons with knowledge of the act or event, and that such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activities.

{¶ 7} McLaughlin stated that the business records of appellee relating to appellant's loan that she reviewed and relied upon in making the affidavit included the note, mortgage and appellee's electronic servicing system. McLaughlin then stated that

3.

appellee's records contain a note executed by appellant in the amount of $52,000, secured by a mortgage on property located on Cement Street in Castalia, Ohio, and that appellee has the right to foreclose because it holds the note and is the servicer for the loan. Copies of the note, mortgage and merger documents were attached to the affidavit and McLaughlin attested to their authenticity. McLaughlin stated that appellant had defaulted under the terms of the note and mortgage, that appellant's default had not been cured, and that the loan balance had been accelerated making the entire balance due and owing under the terms of the loan documents. As a result of appellant's default and acceleration of the debt, McLaughlin attested that appellant owed, as of June 20, 2014, the principal sum of $44,530.79, plus interest of 6.75 percent per year from October 1, 2011. Based on this affidavit, appellee asserted it was entitled to judgment as a matter of law.

{¶ 8} In response to appellee's summary judgment motion, appellant continued to assert that appellee was not entitled to judgment because Freddie Mac, not appellee, owned the mortgage.

{¶ 9} On July 25, 2014, the lower court filed a judgment entry granting appellee summary judgment on its foreclosure action. Appellant now challenges that judgment through the following assignments of error.

Assignment of Error Number 1

The trial court erred in granting summary judgment to CitiMortgage, Inc. by finding that all necessary parties have been properly served.

Assignment of Error Number 2

The trial court erred in granting summary judgment for the plaintiff, CitiMortgage, Inc. when there still exists a genuine issue of material fact, therefore plaintiff/appellee should not have been entitled to judgment as matter of law pursuant to Ohio Law Civ.R. 56(C).  The evidence shows that Freddie Mac purchased the loan from ABN AMRO on November 30, 2001.

Assignment of Error Number 3

The trial court erred in not allowing appellant to obtain discovery, production of documents, or requests for admission within this case pursuant to Ohio Rules of Civil Procedure Title V Discovery Rule 26-37.

Assignment of Error Number 4

The trial court erred not dismissing this case for lack of standing.

{¶ 10} Appellant's assignments of error, and the issues raised therein, are the same as those he raised in *CitiMortgage I.*  They simply involve a loan and mortgage on a different piece of property with different dates and amounts.   Again, appellant asserts that appellee had no standing to file the foreclosure case against him and that the court erred in denying his discovery motions.  Based on our holding in *CitiMortgage I*, we find appellant's assignments of error not well-taken.

**{¶ 11}** On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                             JUDGE

Stephen A. Yarbrough, J.

                        _____

James D. Jensen, P.J.             JUDGE
CONCUR.

                        _____
                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.