[Cite as *CitiMortgage, Inc. v. Teofilo*, 2016-Ohio-4583.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc.

    Appellee

v.

Greg Teofilo, et al.

    Appellant

Court of Appeals No. E-15-050

Trial Court No. 2012 CV 0674

**DECISION AND JUDGMENT**

Decided: June 24, 2016

* * * * *

Mia L. Conner, for appellee.

Greg Teofilo, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Greg Teofilo, appeals pro se from the August 5, 2015 judgment of the Erie County Court of Common Pleas denying Teofilo's second Civ.R. 60(B) motion for relief from the granting of summary judgment to appellee, CitiMortgage, Inc. Finding that the trial court ruled on Teofilo's motion while an appeal from this judgment

was pending, we conclude that the trial court's judgment denying the motion was void and dismiss this appeal.

{¶ 2} In 2012, CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc., filed a complaint in foreclosure against Greg Teofilo and other defendants regarding real property located at 100 McLarey Lane, Castalia, Ohio. In 2014, the trial court granted summary judgment to CitiMortgage, Inc., and denied defendant's motion to dismiss the case for lack of standing. Teofilo filed a Civ.R. 60(B) motion for relief from the summary judgment and the next day filed a notice of appeal from the same judgment. *CitiMortgage, Inc. v. Teofilo*, 6th Dist. Lucas No. E-14-094, 2016-Ohio-334. We remanded the case to the trial court so it could rule on Teofilo's Civ.R. 60(B) motion. After the trial court denied the Civ.R. 60(B) motion, the appeal was reinstated and was not concluded until a decision was issued January 29, 2016.

{¶ 3} While the appeal was pending, Teofilo filed a second Civ.R. 60(B) motion to vacate the trial court's granting of summary judgment. On June 17, 2015, we denied a motion to remand the case to the trial court a second time. Nonetheless, the trial court proceeded to deny the second Civ.R. 60(B) motion on August 5, 2015, and Teofilo appeals from that judgment.

{¶ 4} On appeal, appellant asserts the following assignments of error:

Assignment of Error Number 1:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING

A CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGMENT

2.

CONTAINING ALLEGATIONS THAT WOULD, IF TRUE, WARRANT

RELIEF UNDER CIV.R. 60(B) WITHOUT HOLDING A HEARING ON

SUCH ALLEGATIONS.

Assignment of Error Number 2:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S

CIV.R. 60(B) MOTION WITHOUT CONSIDERATION OR

EXPLANATION OF IT'S [SIC] DECISION.

Assignment of Error Number 3

THE TRIAL COURT ABUSED ITS DISCRETION BY

DENYING/RULING ON APPELLANT'S CIV.R. 60(B) MOTION FOR

RELIEF FROM JUDGMENT WHILE THE CASE WAS UNDER

APPEAL WITHIN CASE E-14-0094 [sic] REMAND WAS DENIED BY

THE COURT OF APPEALS ON JUNE 17TH 2015, [sic]

{¶ 5} We begin by addressing appellant's third assignment of error first. Teofilo argues the trial court lacked jurisdiction to rule on his second Civ.R. 60(B) motion for relief from the granting of summary judgment while an appeal of that judgment was pending.

{¶ 6} We agree. "[A]n appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment" while the appeal is pending. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). *See also In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9;

3.

*In re Kurtzhalz*, 141 Ohio St. 432, 48 N.E.2d 657 (1943), paragraph two of the syllabus. However, the court of appeals may remand the case to the trial court, giving it subject-matter jurisdiction to rule on the motion. *Howard.*

{¶ 7} Appellee argues that ruling on the Civ.R. 60(B) motion was only harmless error. We disagree. Judgments entered without subject-matter jurisdiction are void ab initio. *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 8. Any appeal from a void judgment must be dismissed for lack of a final, appealable order. *Horvath v. Packo*, 2013-Ohio-56, 985 N.E.2d 966, ¶ 13 (6th Dist.). The judgment must be treated like it never existed. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 19. Therefore, the harmless error doctrine cannot be applied to void judgments.

{¶ 8} In this case, the trial court's judgment was rendered when it lacked subject-matter jurisdiction and is, therefore, void. This appeal is hereby ordered dismissed at appellant's costs.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                                                                          JUDGE

Thomas J. Osowik, J.

                                                                          _____
Stephen A. Yarbrough, J.                                JUDGE
CONCUR.

                                                                          _____
                                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.