[Cite as *Deutsche Bank Natl. Trust Co. v. Eversole*, 2017-Ohio-1217.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Deutsche Bank National Trust Company, As Trustee for the Holders of Morgan Stanley ABS Capital I Inc., Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3

   Appellee

v.

Susan J. Eversole, et al.

   Appellant

Court of Appeals No. E-16-011

Trial Court No. 2015 CV 0088

**DECISION AND JUDGMENT**

Decided: March 31, 2017

* * * * *

John B. Kopf, for appellee.

Daniel L. McGookey, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Defendant-appellant Susan J. Eversole, appeals the January 19, 2016 judgment of the Erie County Court of Common Pleas which granted summary judgment

in favor of plaintiff-appellee, Deutsche Bank National Trust Co., etc., on its foreclosure complaint. Because we agree that no genuine issues of fact remain, we affirm.

{¶ 2} The action commenced on February 6, 2015, with appellee's filing of a complaint for foreclosure and declaratory judgment against appellant Eversole, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Intervale Mortgage Corporation, State of Ohio Department of Taxation, Intervale Mortgage Corporation, Decision One Mortgage Company, and the Treasurer of Erie County. The complaint alleged that appellant had defaulted on the terms of a promissory note which was in appellee's possession and which it was entitled to enforce. Appellee claimed that the unpaid sum of $210,502.38, plus interest at the rate of 6.84 percent per annum was due from April 1, 2008. The complaint indicated that because appellant was discharged in a bankruptcy proceeding, appellee was not pursuing a personal money judgment.

{¶ 3} Appellee further claimed that it was the holder of a mortgage given to secure the indebtedness of the promissory note, that appellant defaulted on the terms of the mortgage, that the conditions precedent had been met and that appellee was entitled to foreclose on the mortgage. Several exhibits were attached to the complaint including a copy of the note executed on September 24, 2004, listing Intervale Mortgage Corporation as the lender; a copy of the mortgage recorded on September 30, 2004, with Decision One Mortgage Company as Servicing Agent for Intervale and MERS as nominee for the

2.

lender, its successors and assigns; the June 7, 2011 assignment of the mortgage to appellee; and the October 23, 2014 title insurance report.

{¶ 4} On February 24, 2015, appellant filed her answer and cross-claim. Appellant denied "all of the allegations in Plaintiff's Complaint" and asserted multiple defenses including that appellee was not the holder of the note or mortgage and, thus, not entitled to enforce the documents and that appellee failed to meet the conditions precedent to pursuing the action. In her cross-claim for declaratory judgment against defendant MERS, appellant requested that the court declare that MERS had no interest in the promissory note or mortgage and that they be declared "null and void." On June 5, 2015, MERS filed a notice of its May 11, 2015 recordation of an assignment and release of mortgage. MERS stated that it had no interest in the subject property.

{¶ 5} On August 24, 2015, appellee filed its motion for summary judgment. In support, appellee relied on the affidavits of Dan Dickey, Nationstar Document Execution Specialist (servicer of the subject loan mortgage beginning September 2013), and Rachel Valli, employee of appellee's counsel. Appellee also proffered the deposition testimony of Fay Janati, a Nationstar employee. Appellant filed her opposition to the summary judgment motion and filed motions to strike the affidavits of Dickey and Valli contending that they were not based on personal knowledge as required under Civ.R. 56(E).

{¶ 6} The trial court granted summary judgment on January 19, 2016, finding that pursuant to the promissory note, $210,502.38 plus interest at 6.84 percent per annum

3.

from April 1, 2008 was due and owing.  The court found that in order to secure payment of the promissory note, appellant executed and delivered a mortgage deed to MERS as nominee of Intervale.  MERS then assigned the mortgage deed to appellee.  The court further found that the mortgage conditions had been broken and that appellee was entitled to have the equity of redemption.  The court also denied appellant's motions to strike.

{¶ 7}  This appeal followed with appellant raising the following assignment of error:

> The trial court erred in granting Deutsche Bank's motion for summary judgment.

{¶ 8}  We initially note that appellate review of a trial court's judgment granting a motion for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  To prevail on a motion for summary judgment the moving party must demonstrate:

> (1)  that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his

4.

favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 9}   The grant of summary judgment is limited to circumstances where there is no dispute of material fact.  Civ.R. 56(C) provides:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 10} In her sole assignment of error, appellant raises several arguments as to why issues of fact precluded an award of summary judgment.  We will discuss each in turn.

### Personal Knowledge Requirement

{¶ 11} As raised in the trial court in her motions to strike and opposition to summary judgment, appellant contends that the affidavits in support of appellee's motion for summary judgment were not based on personal knowledge.  This court has stated:

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the

5.

chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26, citing *Wachovia Bank of Del., N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-0091, 2011-Ohio-3203, ¶ 40-45. *CitiMortgage, Inc. v. Teofilo*, 6th Dist. Lucas No. E-14-094, 2016-Ohio-334, ¶ 11.

{¶ 12} In determining whether an affidavit submitted in support of a summary judgment motion is "evidentiary-quality," we turn to the requirements under Civ.R. 56(E), which provides, in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶ 13} In his affidavit attached to appellee's motion for summary judgment, Dan Dickey stated that he was an employee of Nationstar Mortgage and had personally examined the relevant business records. Dickey stated that Nationstar was in possession of the original promissory note and that he reviewed the copy attached to the affidavit and it was true and accurate. Dickey attested that a true and accurate copy of the

6.

assignment of the mortgage to appellee was also attached to the affidavit. Mr. Dickey further indicated that the original note was sent to appellee's counsel's office prior to the filing of the complaint.

{¶ 14} Dickey indicated that he examined and had personal knowledge of appellant's loan account, the sum that was due and owing, and that it remained in default. He attested that the attached payment history was true and accurate and that the notice of default was sent to appellant.

{¶ 15} Appellee also submitted the affidavit of Rachel Valli who stated that she is the business records custodian for appellee's counsel. Valli stated that the original promissory note was delivered to counsel on or about August 14, 2014. She indicated that she compared the original to the copy of the note attached to the affidavit.

{¶ 16} This court has held that "'[u]nless controverted by other evidence, a specific averment that an affidavit is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that the affiant must be competent to testify to the matters stated.'" *U.S. Bank Natl. Assn. v. Downs*, 6th Dist. Erie No. E-15-062, 2016-Ohio-5360, ¶ 20, quoting *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 13.

{¶ 17} Reviewing appellant's arguments, we find that she failed to rebut Dickey's or Valli's assertions that their affidavits were based upon personal knowledge. Thus, they were properly considered by the trial court.

7.

## Holder and Entitlement to Enforce

{¶ 18} Turning to the substance of appellee's motion for summary judgment, appellant's main argument is that appellee failed to prove that it was the holder of the note and mortgage and was entitled to enforce it. *See Wachovia Bank of Del., N.A. v. Jackson,* 5th Dist. Stark No. 2010-CA-0091, 2011-Ohio-3203, ¶ 40-45. Appellant contends that appellee failed to establish the chain of custody of the note and that mere possession is not enough. Specifically, appellant asserts that there is no endorsement from the loan originator, Intervale Mortgage Corporation to Decision One thus, any transfer from Decision One was a nullity.

{¶ 19} Conversely, appellee asserts that as a nonholder in possession of the note, R.C. 1303.31, it had the rights of a holder. This section provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

8.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶ 20} Appellee further asserts that regarding the chain of custody, appellant filed a prospectus, dated July 19, 2005, with the court which evidences that Intervale transferred its interest in the note to Decision One who, in turn, transferred it to appellee, as trustee. Further, Intervale in its answer to appellee's complaint stated that it had "sold or otherwise entirely disposed of all of its rights and/or interests in the underlying mortgage loan."

{¶ 21} Appellee alleged that it had an original copy of the note in its possession when it commenced the foreclosure action. Appellant counters, however, that there was an inconsistency in the summary judgment evidence as to the date that the original note was transferred to appellee's counsel. Specifically, appellant argues that Dickey's statement that appellee had been in possession of the original promissory note from "at least" the time the complaint was filed (February 6, 2015) conflicted with Rachel Valli's statement that the original note was delivered to appellee's counsel on August 14, 2014. Appellant contends that these statements further conflict with the deposition testimony of Nationstar employee Fay Janati who stated that the note was delivered to counsel's office in September 2014. Reviewing the Janati deposition, the testimony indicates her agreement with a discovery response indicating that the original note was delivered to the

9.

attorney's office on August 14, 2194. In any event, the uncontroverted evidence demonstrated that appellee had the original note in its possession prior to filing the complaint.

{¶ 22} Based on the foregoing, we find that because appellee attached a copy of the note to its complaint and had two affidavits attesting that it had possession of the original copy of the note, combined with the evidence of transfer of interest in the note from Intervale to Decision One and then to appellee, appellee established its status as an entity entitled to enforce the note.

{¶ 23} Regarding appellee's interest in the mortgage, MERS, as nominee for original lender Intervale and its "successors and assigns" which would include Decision One, assigned the mortgage to appellee as trustee on May 27, 2011; the assignment was recorded on June 7, 2011.

Conditions Precedent

{¶ 24} Appellant next argues that appellee failed to satisfy the requirement that it send, and appellant receive, a notice of default and intent to accelerate. There is evidence in the record demonstrating that notice was sent on June 26, 2013, by certified mail. Appellant presented no contradictory evidence stating that she did not receive the notice. *See, e.g., Wells Fargo Bank, N.A. v. Scott*, 2d Dist. Montgomery No. 26552, 2015-Ohio-3269, ¶ 22. Thus, we reject appellant's argument.

10.

## Amount Due

{¶ 25} Appellant next argues that appellee failed to prove the amount due and owing under the note. Specifically, appellant contends that because she signed a loan modification in March 2009, and made payments under the agreement the amount appellee alleged was owed was inaccurate. Reviewing the Dan Dickey affidavit and attached payment history, such payments that had been made were reflected in the payment history. Appellant does not dispute that the modification was never implemented thus the payments being made were insufficient and continually being utilized to cover shortfalls from the preceding months. Thus, we find that appellant failed to rebut the evidence of the amount owed that was set forth by appellee.

## Equitable Relief

{¶ 26} Appellant's final argument sets forth the general proposition that equity should preclude foreclosure in this case. Appellant argues that prior to a judgment of foreclosure, all courts must address two questions: first, whether there was a default on the note and second as to the mortgage, whether "'the equity of redemption should be foreclosed.'" *Gevedon v. Hotopp*, 2d Dist. Montgomery No. 20673, 2005-Ohio-4597, ¶ 28, quoting *Metropolitan Life Ins. Co. v. Triskett Illinois, Inc.*, 97 Ohio App.3d 228, 234, 646 N.E.2d 528 (1st Dist.1994).

{¶ 27} Appellant contends that in weighing the potential harms to each party, she faces a greater loss than appellee by losing her home. We note that when dealing with a

11.

large financial institution, this would nearly always be true. This fact alone does not establish that foreclosure on the mortgage would be inequitable.

{¶ 28} Appellant's reliance on the "equity of redemption" language is misplaced. The term of art allows a mortgagor to redeem the property following default; it is generally cut off once the mortgagee is granted a judgment in foreclosure. *See generally Hausman v. City of Dayton*, 73 Ohio St.3d 671, 653 N.E.2d 1190 (1995).

{¶ 29} Based on the foregoing, we find that no genuine issue of fact remains, and that the property was properly foreclosed upon. Appellant's assignment of error is not well-taken.

{¶ 30} On consideration whereof, we find that substantial justice was done the party complaining and that the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgement affirmed.

12.

Deutsche Bank Natl. Trust Co., as Trustee
for the Holders of Morgan Stanley ABS Capital,
Inc., Trust 2004-HE3, Mtge. Pass-Through
Certificates, Series 2005-HE3 v. Eversole
C.A. No. E-16-011

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE