**[Cite as *State v. Thompson*, 2024-Ohio-991.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-23-1161

    Appellee                                 Trial Court No. CR0201902316

v.

Goldy Thompson                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 15, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Goldy Thompson, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Goldy Thompson, pro se, appeals the June 14, 2023 judgment of

the Lucas County Court of Common Pleas denying his motion to correct the record.

Because the trial court did not abuse its discretion, the judgment is affirmed.

## I. Facts and Procedural Background

{¶ 2} This case was initially before the court on direct appeal of Thompson's conviction and sentence for felonious assault. The conviction and sentence were affirmed. *See State v. Thompson*, 6th Dist. Lucas No. L-19-1289, 2021-Ohio-1344.

{¶ 3} Following Thompson's direct appeal, he filed numerous documents in the trial court requesting postconviction relief. On March 9, 2021, he filed a petition pursuant to R.C. 2953.21 to set aside his conviction; it was denied on April 8, 2021. On April 25, 2022, he filed a petition for DNA testing; on September 15, 2022, the court denied the motion. A motion to vacate fine and fees was granted by the trial court.

{¶ 4} Thompson also filed additional appeals and motions in this court. On June 30, 2021, he filed a pro se application to reopen his appeal; the application and reconsideration were both denied. On August 2, 2022, he filed a notice of appeal claiming ineffective assistance of counsel; it was dismissed as untimely on August 10, 2022.

{¶ 5} On May 26, 2023, Thompson filed a motion to correct the record pursuant to Crim.R. 36. The motion requested that the trial court "order the correction of the record to include entries on the appearance docket of all assignment records of the judges who have participated in this case – in any capacity." The state's opposition argued that there was no error to correct because the docket adequately reflected the assignments. And even assuming error, that any deficiencies relating to the assignment of judges are not jurisdictional.

2.

{¶ 6} On June 14, 2023, the trial court denied Thompson's motion citing the reasons set forth in the state's memorandum in opposition.  The court stated that "Mr. Thompson has misinterpreted the use of Criminal Rule 36 and that the record is abundantly clear as to which judges have participated in this case."

{¶ 7} On June 28, Thompson filed a reply to the state's memorandum in opposition. Thompson appealed the judgment on June 30, 2023.

{¶ 8} On July 10, 2023, Thompson filed a Civ.R. 60(B) motion for relief from judgment arguing that the trial court erred by referring to his June 28, 2023 reply to the state's opposition as the state's opposition motion, and finding it moot.  On July 28, 2023, the court denied the motion.  The trial court first noted that it could not grant the requested relief because an appeal had been filed.  The court agreed it made a mistake and corrected the June 28 entry to reflect that Thompson's reply motion was moot.[1]

{¶ 9} On June 29, 2023, Thompson filed a complaint for a writ of prohibition and mandamus requesting that this court prohibit two trial court judges from exercising authority over his case.  Specifically, that the court compel the administrative judge to lawfully assign a judge to his case, that the current judge be prohibited from entering a judgment on his motion to correct the record, and that the court vacate the August 29, 2019 judgment issued by the administrative judge without authority.

---

[1]Thompson's appeal of the denial of this Civ.R. 60(B) motion, case No. L-23-1193, was pending on the date of this decision.

3.

**{¶ 10}** Denying the relief requested and dismissing the complaint, this court found:

Lucas County Local Rule 5.02 provides that "[a]ny judge appointed or elected to succeed another shall take over the cases of the predecessor judge." Under Evid.R. 201(B)(1), we are permitted to take judicial notice of facts generally known within our territorial jurisdiction, and under Evid.R. 201(B)(2), we are permitted to take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Here, it is generally known—and can be easily confirmed by reference to the Ohio Secretary of State website—that Judge Olender was elected to succeed Judge Gonzalez, the judge originally assigned to Thompson's criminal case. Judge Olender, therefore, properly took over the cases originally assigned to Judge Gonzalez and is lawfully authorized to preside over Thompson's case.

As for Judge Jennings' involvement, it is also "well established that we may take judicial notice of judicial opinions and public records accessible through the Internet." *State ex rel. Harris v. Capizzi*, 2022-Ohio-3661, 199 N.E.3d 31, ¶ 18 (2d Dist.), aff'd sub nom. *State ex rel. Harris v. Bruns*, 2023-Ohio-2344, ¶ 18. Our review of the docket in Thompson's case reveals that Judge Jennings signed one pretrial order on August 29, 2019, setting a pretrial date and a trial date (which was

4.

eventually vacated) and continuing bond. Judge Jennings signed the order "on behalf of Judge Alfonso J. Gonzalez." In other words, the order was issued by Judge Gonzalez; Judge Jennings merely signed it for him. Nothing in the record indicates that Judge Jennings did not have authority from Judge Gonzalez to sign the order on his behalf.

Accordingly, Thompson is unable to show that Judge Olender is about to exercise judicial power that is unauthorized by law. He is also unable to show that he has a clear legal right to the relief he requests given that Judge Jennings did not exercise jurisdiction over his case without authority.

*State ex rel. Thompson v. Gonzales*, 6th Dist. Lucas No. L-23-1158, 2023-Ohio-2665, ¶ 6-8. The Ohio Supreme Court affirmed the dismissal of Thompson's complaint. See *State ex rel. Thompson v. Gonzales*, Slip Opinion No. 2024-Ohio-897.

## II. Assignments of Error

{¶ 11} Thompson raises three assignments of error on appeal of the trial court's June 14, 2023 denial of his motion to correct the record:

Assignment of Error Number One: Trial court abused its discretion when it denied appellant's motion to correct the record contrary to Crim.R. 36.

5.

Assignment of Error Number Two: Trial court's [sic] abused its discretion when its decision failed to provide an explanation for its reasoning or a clear record for appellate review.

Assignment of Error Number Three: Trial court erred when it considered appellant's reply to the state's opposition as the state's opposition motion.

### III. Analysis

### A. Civ.R. 36 Motion to Correct the Record

{¶ 12} Thompson's first assignment of error argues that the trial court abused its discretion by denying his Crim.R. 36 motion to correct the record. Thompson contends that under Sup.R. 4.01(C), the court was required to document, on the record, any assignment or reassignment of judges.

{¶ 13} Crim.R. 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36 gives trial courts discretion, to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry. *State v. Voyles*, 6th Dist. Lucas No. L-09-1175, 2010-Ohio-90, ¶ 10. "'The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Id.*, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). Because the correction of clerical mistakes is discretionary, the court's decision in

6.

relation to such discretion will not be reversed unless the action was "unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 14} Sup.R. 4.01(C) requires that an administrative judge, "[p]ursuant to Sup.R. 36, assign cases to individual judges of the court or division or to panels of judges of the court in the court of appeals[.]" The rule does not direct the administrative judge as to what form the assignment must take.

{¶ 15} In performing assignment duties, Loc.R. 5.02(E) of the Court of Common Pleas of Lucas County, General Division, provides:

> Any judge appointed or elected to succeed another shall take over the cases of the predecessor judge. The administrative judge may reassign cases for a judge who is ill, for a judge involved in a prolonged or unusual case, or for any urgent necessity which justice requires.

{¶ 16} Here, the docket reflects that on August 2, 2019, there was a "MANUAL ASSIGNMENT DUE TO JUDGE GONZALEZ RECUSAL IN CASE NUMBER CR0201901409." This was done in order to maintain an equal distribution of cases as to all the common pleas' judges. *See* Sup.R. 36.011(C)(2)(c). Further, following a recusal the administrative judge is required "to randomly assign the case among the remaining judges of the court or division who are able to hear the case." Sup.R. 36.019(A).

{¶ 17} On August 29, 2019, the docket indicated that a pretrial order was signed: "JUDGE LINDA J. JENNINGS on behalf of JUDGE ALFONSO J. GONZALEZ"

7.

{¶ 18} Finally, on December 6, 2020, the docket notes a "PROCESSING JUDGE CHANGE." This entry reflected the rule that following the election of a new judge, the prevailing judge assumes the cases assigned to the prior judge. *See* Loc.R. 5.02(E); Crim.R. 25.

{¶ 19} Thompson's unsupported claim is that the docket's notations are insufficient because the administrative judge was required to file physical documents noting the assignment changes. The state asserts that the docket entries provide "adequate information to the parties and the general public."

{¶ 20} As set forth above, denying Thompson's complaint for a writ in prohibition and mandamus, this court found that the assigned judge clearly had authority to preside over Thompson's case and the administrative judge had authority to sign a document on the assigned judge's behalf. *State ex rel. Thompson*, 6th Dist. Lucas No. L-23-1158, 2023-Ohio-2665, at ¶ 6-8. Further, Crim.R. 36's permissive language leads to the conclusion that even assuming some sort of clerical error (though none have been identified), the court was not required to issue a nunc pro tunc judgment entry. Accordingly, because the trial court did not abuse its discretion in denying Thompson's motion, his first assignment of error is not well-taken.

{¶ 21} In his second assignment of error, Thompson contends that the trial court abused its discretion in denying his motion without providing a basis for appellate review. As set forth above, the trial court's June 14, 2023 judgment entry denying Thompson's motion stated that the basis for the decision was the state's arguments in

8.

opposition and that "[t]he State correctly points out that Mr. Thompson has misinterpreted the use of Criminal Rule 36 and that the record is abundantly clear as to which judges have participated in this case."

{¶ 22} On review, the trial court's judgment clearly provides a basis for appellate review. The state's memorandum in opposition is part of the record on appeal and has been reviewed by this court. Appellant's second assignment of error is not well-taken.

## B. Civ.R. 60(B) Motion

{¶ 23} In his third and final assignment of error, Thompson argues that the trial court's incorrect classification of his reply memorandum as the state's opposition to his Civ.R. 60(B) motion denied him his due process rights to meaningful review. Thompson claims that because the court's judgment was based on a "mistaken belief," it should be reversed. The cases Thompson cites in support, however, relate to sentencing errors not misclassified filings.

{¶ 24} The trial court properly denied Thompson's Civ.R. 60(B) motion because his notice of appeal divested the court of jurisdiction to review the motion. *See CitiMortgage, Inc. v. Teofilo*, 6th Dist. Erie No. E-15-050, 2016-Ohio-4583, ¶ 6, quoting *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994).

{¶ 25} Upon review, because the court lacked jurisdiction to rule on the Civ.R. 60(B) motion, Thompson's third assignment of error is not well-taken.

9.

## IV. Conclusion

**{¶ 26}** Based on the foregoing, the June 14, 2023 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Thompson is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                           _____
                                                          JUDGE

Christine E. Mayle, J.

                                              _____

Charles E. Sulek, P.J.                          JUDGE
CONCUR.

                                              _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.