[Cite as *State v. Newsome*, 2025-Ohio-3102.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-24-074

    Appellee                                     Trial Court No. 2024CR236

v.

Shanah Newsome, Sr.                          **DECISION AND JUDGMENT**

    Appellant                                    Decided: August 29, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey Nunnari, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal from the October 9, 2024 judgment of the Wood County Common Pleas Court. For the reasons that follow, we affirm the judgment of the trial court but remand for correction of a clerical error in the judgment entry via a nunc pro tunc entry.

**Assignment of Error**

{¶ 2} Appellant, Shanah Newsome, Sr., asserts one assignment of error: Appellant's sentence is contrary to law.

**Background**

{¶ 3} On June 6, 2024, Newsome was indicted on two counts: Count One, improperly discharging a firearm at or into a habitation or school safety zone, in violation of R.C. 2923.161(A)(1) and (C), a felony of the second degree; and Count Two, having weapons while under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree. These charges stemmed from allegations that Newsome, who had been previously convicted of a felony offense of violence, did acquire and discharge a firearm at the Baymont Motel in Northwood, Ohio.

{¶ 4} At an arraignment held July 16, 2024, Newsome pled not guilty to both counts. Newsome then entered into several stipulations: he was the person in the surveillance video from the motel; he had prior convictions of aggravated assault and domestic violence, both felonies of the fourth degree; and his previous convictions prohibited him from acquiring, carrying, or using a firearm when this incident occurred.

{¶ 5} Prior to the commencement of trial, the State moved to dismiss Count One, improperly discharging a firearm at or into a habitation or school safety zone. Thereafter, a two-day jury trial was held, on October 2-3, 2024, after which Newsome was found guilty of having weapons while under disability.

2.

{¶ 6} The trial court immediately proceeded to sentencing and imposed a three-year prison term and apprised Newsome that "upon [his] release [he] could be subject to up to two years of post[-]release control at the discretion of the Ohio Department of Rehabilitation and Corrections."  However, the trial court's judgment entry set forth that Newsome "WILL be subject to . . . [a] mandatory period of supervision" as a form of post-release control.

{¶ 7} Newsome timely appealed.

## Law and Analysis

{¶ 8} Newsome does not appeal his conviction, but instead he appeals his sentence, as he notes that the statement from the trial court differs from the judgment entry.  He believes this constitutes a reversal of judgment of his sentence and therefore he requests to be resentenced by the trial court.  The State concedes that there is a clerical error within the judgment entry that does not reflect what was presented orally at the sentencing hearing.  The State contends that this court should affirm the judgment of sentence and remand the case with an order for a nunc pro tunc entry to be filed, as this court has done in similar cases, that would accurately reflect what was said at Newsome's sentencing hearing.

{¶ 9} Time and time again, this issue has been brought up on appeal, and courts have noted that, "[i]f proper notification is given during the sentencing hearing, but the sentencing entry improperly imposes post-release control, a trial court is authorized to correct the error or omission with a nunc pro tunc entry."

3.

*State v. Perry,* 2021-Ohio-3525, ¶ 18 (2d Dist.). *See also State v. Bucey,* 2019-Ohio-4874, ¶ 25 (2d Dist.); *State ex rel. Womack v. Marsh,* 2011-Ohio-229, ¶ 14-15; *State v. Qualls,* 2012-Ohio-1111, ¶ 30. Nunc pro tunc entries are used to correct clerical mistakes. *State v. Thompson,* 2024-Ohio-991, ¶ 13 (6th Dist.). Clerical mistakes include simple typographical errors that may arise from oversight or omission, are mechanical in nature and are apparent on the record. *Id.* Clerical mistakes do not involve legal decisions or judgment. *Id.*

{¶ 10} Nunc pro tunc entries cannot be used to resentence a defendant or to impose a sanction on a defendant that was not imposed as part of the sentencing hearing. *State v. Cox,* 2025-Ohio-307, ¶ 15 (6th Dist.). The general purpose for a nunc pro tunc entry is to correct a judgment entry so it accurately reflects the record of a specific hearing. *Id. See also State v. Aarons,* 2021-Ohio-3671, ¶ 26 (8th Dist.); *State v. Smith,* 2021-Ohio-3099, ¶ 14 (8th Dist.); *State v. Clark,* 2024-Ohio-5717, ¶ 16 (4th Dist.). Pursuant to Crim.R. 36, trial courts have the discretion to make corrections to clerical errors at any time.

{¶ 11} Upon review of the record and the applicable law, we find the inconsistency between the sentencing hearing and the judgment entry is an error that is merely clerical and can be corrected by a nunc pro tunc entry. As such, this matter will be remanded to the trial court for the issuance of a nunc pro tunc entry conforming the judgment entry with the sentence that was imposed upon Newsome at the sentencing hearing. Accordingly, we find Newsome's assignment of error well-taken, in part.

4.

## Conclusion

{¶ 12} The judgment of the Wood County Common Pleas Court is affirmed, in part, and this matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry that accurately reflects the statements made at the sentencing hearing.

{¶ 13} Pursuant to App.R. 24, Shanah Newsome, Sr. and the State are hereby ordered to split the costs incurred on appeal.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, P.J.
_____
CONCUR.                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.