JOURNAL ENTRY and OPINION
{¶ 1} A jury convicted appellant, Terry Ferrell ("Ferrell"), of aggravated murder, aggravated burglary, aggravated robbery, and kidnapping for the brutal deaths of two victims in 1992. Although Ferrell could have received the death penalty for his convictions, the jury found that the aggravating circumstances did not outweigh the mitigating factors and instead recommended that Ferrell be sentenced to life imprisonment without the possibility of parole. The trial court accepted the jury's recommendation and sentenced Ferrell to life in prison without parole.
 {¶ 2} Ferrell appealed his convictions and sentence. This court, while affirming his convictions, reversed Ferrell's sentence and remanded to the trial court for resentencing because Ferrell should have been sentenced in accordance with the statutory scheme in effect in 1992 — the law in effect when the crimes occurred — and not in accordance with Senate Bill 2, which was enacted in 1996.
 {¶ 3} On remand, the trial court conducted a resentencing hearing and sentenced Ferrell to life in prison with the possibility of parole after serving a full 30 years in prison for each of the two murders he committed. The trial court also sentenced Ferrell to ten to 25 years in prison for the aggravated robbery, aggravated burglary, and kidnapping convictions. Ferrell now appeals, citing two assignments of error.
 I. {¶ 4} Ferrell argues in his first assignment of error that he was denied his constitutional right to a trial by jury when the trial court, and not a jury, resentenced him on the aggravated murder convictions. In particular, Ferrell complains that because he originally faced the death penalty, he is entitled to another jury recommendation at resentencing. However, Ferrell's argument is without merit.
 {¶ 5} The Supreme Court of Ohio in State v. Penix (1987),32 Ohio St.3d 369, 373, 513 N.E.2d 744, held as follows:
 {¶ 6} "[W]hen an accused is tried by jury and convicted of aggravated murder with specification, a death sentence may be imposed by the trial judge only upon recommendation of the same jury that tried the guilt phase of the proceedings, pursuant to the criteria set forth in R.C.2929.03. Thus, when a case is remanded to the trial court following vacation of the death sentence due to error occurring at the penalty phase of the proceeding, the trial court, in resentencing the offender, is limited to the sentences of life imprisonment with parole eligibility after serving twenty full years of imprisonment or life imprisonment with parole eligibility after serving thirty full years of imprisonment."
 {¶ 7} Although the jury in Penix recommended a death sentence and the jury here recommended life imprisonment without the possibility of parole for Ferrell, the Penix holding is still applicable. This court, like thePenix court, vacated Ferrell's sentence and remanded to the trial court for resentencing because of applying the wrong statutory sentencing scheme to Ferrell's sentence. On remand at the resentencing, the trial court was limited to the sentences available pursuant to the 1992 version of R.C. 2903.01, which included life imprisonment with the possibility of parole after serving a full 30 years in prison or life imprisonment with the possibility of parole after serving a full 20 years in prison.[1]
Reasoning that the original jury found Ferrell's crimes deserving of the next highest sentence after death (life imprisonment without the possibility of parole), the trial court resentenced Ferrell to an analogous sentence under the 1992 version of R.C. 2903.01 — life imprisonment with the possibility of parole after serving a full 30 years in prison.
 {¶ 8} Following Penix, the trial court, and not a jury, resentenced Ferrell. Despite Ferrell's argument to the contrary, he is not entitled to another jury recommendation at resentencing, as death is no longer a possible sentence and the Supreme Court of Ohio specifically provided that it is the trial court that resentences the offender. The trial court properly resentenced Ferrell to life imprisonment with the possibility of parole after serving a full 30 years in prison for both aggravated murder convictions. Thus, Ferrell's first assignment of error is overruled.
 II. {¶ 9} For his second assignment of error, Ferrell contends that he was denied his constitutional right to be present at all essential parts of his trial when the trial court altered his sentence in an out of court proceeding. In particular, Ferrell argues that the trial court, at the resentencing, imposed a sentence of ten years for the aggravated burglary, aggravated robbery, and kidnapping convictions, but later issued a nunc pro tunc entry clarifying the sentence to be ten to 25 years in prison. For this, Ferrell argues that the trial court imposed a sentence outside of his presence, which must be reversed by this court. However, Ferrell's argument lacks merit.
 {¶ 10} It is patently clear from the transcript at the resentencing hearing, at which Ferrell was present, that the trial court informed Ferrell of the possible sentence that could be imposed for his aggravated burglary, aggravated robbery, and kidnapping convictions pursuant to the 1992 version of R.C. 2911.01. The possible sentences ranged from five, six, seven, eight, nine or ten to 25 years in prison. At resentencing, the trial court afforded Ferrell his right of allocution. Imposing a ten-year prison sentence was simply a clerical error that was later corrected by the nunc pro tunc entry. Ferrell's presence was not crucial at the time the trial court corrected its journal entry. Ferrell cannot claim he was unaware of the possible sentences for his convictions; thus, the trial court properly clarified the sentence to ten to 25 years in prison. Ferrell's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., CONCURS IN JUDGMENT ONLY.
 MARY EILEEN KILBANE, J., CONCURS IN PART AND DISSENTS IN PART WITHSEPARATE OPINION.
[1] R.C. 2903.01, in 1992, also included death as a possible sentence; however, following Penix, a death sentence, at resentencing, is no longer an available sentence.
 CONCURRING AND DISSENTING OPINION