[Cite as *State v. Pena*, 2014-Ohio-3438.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-13-1030

      Appellee                           Trial Court No. CR0201202052

v.

Michael Pena                                     **DECISION AND JUDGMENT**

      Appellant                          Decided:  August 8, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Clinton J.
Wasserman, Assistant Prosecuting Attorney, for appellee.

Joanna M. Orth, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a January 31, 2013 sentencing judgment of the Lucas

County Court of Common Pleas which found appellant guilty of escape.  Appellant's

escape conviction arises from appellant previously being found guilty of burglary related

to a Toledo home invasion, being placed on community control and work release, and

violating it by scheduling a medical appointment that was utilized to leave work release and not return.

{¶ 2} On January 26, 2011, appellant was found guilty of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. Appellant was sentenced to three years of community control for the burglary case (CR0201003251). Appellant was given a slot in the Lucas County Work Release program ("work release"), with the condition of having no violations for 60 days.

{¶ 3} On June 19, 2012, appellant violated community control, absconded, and was charged with the additional offense of escape, in violation of R.C. 2921.34(A)(1) and (C)(2)(b), a felony of the third degree. Following these events, appellant was sentenced to a two-year term of incarceration for the escape conviction, ordered to be served consecutively with imposition of the three-year term of incarceration for violating the terms of his community control on the initial burglary conviction. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 4} Appellant, Michael Pena, sets forth the following two assignments of errors:

I. Defendant/Appellant's sentence should be vacated as the trial court failed, as a matter of law, to make specific findings of fact before imposing consecutive sentences pursuant to Ohio Revised Code §2929.14(C)(4).

II. Defendant/Appellant's sentence should be vacated as it is excessive, unreasonable and contrary to law.

2.

**{¶ 5}** The following undisputed facts are relevant to this appeal. On December 14, 2010, at approximately 3:47 a.m., appellant approached the house of an elderly Toledo couple. Appellant knocked on the door, but the victims were asleep in bed. When they did not answer the door, appellant kicked in the front door and entered the home.

**{¶ 6}** In the interim, the victims awoke from the noise generated by appellant in forcibly entering their home, called 9-1-1, and got out their firearm to protect themselves from the intruder. While awaiting the police to arrive, the husband held the intruder at gunpoint. His handicapped wife remained on the phone with 9-1-1 conveying the events to the operator. Several minutes later, the police arrived and arrested appellant.

**{¶ 7}** On January 26, 2011, appellant entered a voluntary plea to one reduced count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. Appellant was found guilty and was sentenced to three years of community control. On March 28, 2012, a warrant was issued for appellant when he failed to appear for a community control violation hearing. On June 13, 2012, appellant admitted to the community control violation. At this juncture, despite the violation, appellant was not incarcerated. Rather, appellant was placed in work release.

**{¶ 8}** As a requirement of participation in work release in lieu of traditional incarceration, appellant signed an "Escape Notification" agreement. The agreement establishes that leaving a work facility without permission, failing to return at the designated time, or making unauthorized movements while signed out of the facility constitutes the offense of escape and will result in charges being filed.

3.

{¶ 9} On June 19, 2012, less than a week after appellant was placed in work release, he signed out for the stated purpose of seeking medical treatment for chest pains. Appellant failed to return. On June 20, 2012, a capias warrant was issued for appellant and escape charges were filed.

{¶ 10} After evading law enforcement for approximately seven months, appellant was located and arrested on December 17, 2012.

{¶ 11} On January 28, 2013, appellant pled guilty to one count of escape, in violation of R.C. 2921.34(A)(1) and (C)(2)(b), a felony of the third degree. Accordingly, the trial court sentenced appellant to a two-year term of incarceration for the escape charge to be served consecutively with the three-year term of incarceration for violating the terms of his community control on the underlying burglary conviction. This appeal ensued.

{¶ 12} In the first assignment of error, appellant contends that the trial court erred by failing to make specific findings of fact before imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). However, pursuant to R.C. 2929.141(A)(1), the trial court is not required to make specific findings of fact before imposing consecutive sentences when there is violation of community control.

{¶ 13} R.C. 2929.141(A) states in relevant part:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do

either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 14} In applying R.C. 2929.141(A)(1) to the instant case, the trial court judgment entry sentences appellant to a two-year term of incarceration for the escape charge to be served consecutively with the three-year term of incarceration for violating the terms of his community control on the initial burglary conviction. However, the transcript of the sentencing proceeding clearly indicates that the court intended the community control violation to be served consecutively to the new escape charge which is being appealed. The record reflects same in the following statement by the trial court,

5.

"The sentence in case 10-3251 shall be ordered served consecutive with the sentence in case 12-2052."

{¶ 15} Pursuant to R.C. 2929.141(A)(1), the trial court's sentence for the escape charge/community control violation must be served consecutively to the three-year term of incarceration imposed for the burglary charge. *See State v. Gillespie*, 172 Ohio App.3d 304, 2007-Ohio-3439, 874 N.E.2d 870, ¶ 23-24 (2d Dist.) (holding that such consecutive sentences do not implicate a *Foster* analysis).

{¶ 16} In conjunction with this, appellant was also clearly informed by the trial court of the potential of consecutive sentences. The record reflects an affirmative acknowledgment of this by appellant when informed by the trial court. The court inquired:

> Do you understand that by entering this plea that could result in your community control being violated and any sentence you would receive in this case may run consecutive to any sentence you would receive in the other case if you're found to be in violation of your community control?

{¶ 17} The record reflects that appellant responded in the affirmative. The record reflects the disputed sentence to be lawful. It was imposed only after appellant violated the terms of his community control. Additionally, it is not required that trial courts justify or explain the consecutive aspect of the sentences. *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 208, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100.

6.

**{¶ 18}** Based on the forgoing, we find appellant's first assignment of error well-taken to the extent that the sentencing entry language pertaining to the consecutive sentences being imposed did not accurately reflect the will of the court as shown in the corresponding portion of the sentencing transcript as discussed above.

**{¶ 19}** In the second assignment of error, appellant contends that his sentence should be vacated as it is excessive, unreasonable and contrary to law. This court recently set forth the proper parameters of felony sentence review on appeal. We noted that R.C. 2953.08(G)(2) "directly defines and establishes the proper appellate standard of review in felony sentencing cases." *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

**{¶ 20}** R.C. 2953.08(G)(2) establishes that, "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." *Id*. As stated in *Tammerine*:

> An appellate court may increase, reduce, modify, or vacate and remand a dispute[d] sentence if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

7.

(b) That the sentence is otherwise contrary to law.

*Tammerine* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 21} However, the approach articulated in *State v. Kalish* can be used in the context of determining whether a sentence is "clearly and convincingly contrary to law" and thus "outside the permissible statutory range." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 15.

{¶ 22} In applying the controlling R.C. 2953.08(G)(2) parameters to the propriety of the disputed sentence in this case, we first note that the permissible statutory sentencing range for burglary, a felony of the third degree, ranges between 12 and 60 months. R.C. 2929.14(A)(3)(a). Thus, the three-year disputed term of incarceration imposed for the burglary charge clearly falls within the permissible statutory range.

{¶ 23} The permissible statutory sentencing range for escape, a felony of the third degree, ranges between 9 and 36 months. R.C. 2929.14(A)(3)(b). Again, the two-year disputed term of incarceration imposed for the escape charge clearly falls within the prescribed statutory range.

{¶ 24} In conjunction with the above, the record also reflects that the trial court properly considered the record, oral statements and presentence report, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12. Accordingly, appellant's sentence was not excessive, unreasonable, or contrary to law. Appellant's second assignment of error is found not well-taken.

8.

{¶ 25} Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed, in part, reversed, in part, and remanded to the trial court to enable the court to effectuate a nunc pro tunc sentencing entry consistent with its sentencing pronouncement and consistent with R.C. 2929.141(A)(1). Appellant and appellee are ordered to each pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.