[Cite as *State v. Clark*, 2024-Ohio-5717.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA2 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Jimmy Clark, | : | **RELEASED 12/04/2024** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

L. Scott Petroff, Athens, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.
_____

Hess, J.

{¶1} Jimmy Clark appeals from a judgment entry of sentence of the Ross County Court of Common Pleas convicting him, following guilty pleas, of ten drug-related offenses. In his sole assignment of error, Clark contends his sentence was contrary to law because the trial court failed to make the proper findings at the sentencing hearing and did not include any consecutive sentence findings in the sentencing entry. For the reasons which follow, we overrule the sole assignment of error and affirm the trial court's judgment. However, we remand for the trial court to issue a nunc pro tunc judgment entry of sentence incorporating all consecutive sentence findings announced at the sentencing

hearing and deleting the court's statement about Clark receiving a "negotiated sentence," because the court did not impose the jointly recommended sentence.

I. FACTS AND PROCEDURAL HISTORY

{¶2} In June 2023, Clark was indicted on ten counts: (1) Count One, aggravated possession of drugs, a second-degree felony; (2) Count Two, aggravated possession of drugs, a second-degree felony; (3) Count Three, possession of a fentanyl-related compound, a second-degree felony; (4) Count Four, possession of cocaine, a fifth-degree felony; (5) Count Five, aggravated possession of drugs, a fifth-degree felony; (6) Count Six, possession of cocaine, a fifth-degree felony; (7) Count Seven, aggravated possession of drugs, a third-degree felony; (8) Count Eight, possession of a fentanyl-related compound, a fourth-degree felony; (9) Count Nine, possession of cocaine, a fifth-degree felony; and (10) Count Ten, aggravated possession of drugs, a fifth-degree felony. Clark initially pleaded not guilty but later pleaded guilty to all counts. The parties agreed to jointly recommend a six to nine year aggregate prison sentence, contingent on Clark's good behavior pending disposition, him getting no new charges, and his appearance at disposition. The court accepted the guilty pleas and found Clark guilty.

{¶3} The court scheduled the sentencing hearing for January 5, 2024, but moved the hearing up after receiving reports about Clark testing positive for drugs. At the sentencing hearing, the State noted the agreement was to recommend an aggregate sentence of six to nine years, and defense counsel asked the court to impose that sentence. Clark spoke and suggested he could pass a drug test. Clark was tested and failed.

{¶4} The trial court sentenced Clark to 6 to 9 years on Count One, 6 to 9 years on Count Two, 6 to 9 years on Count Three, 12 months on Count Four, 12 months on Count Five, 12 months on Count Six, 36 months on Count Seven, 18 months on Count Eight, 12 months on Count Nine, and 12 months on Count Ten. The court ordered that the sentences on Counts One through Nine be served concurrent to each other. The court ordered that the sentence on Count Ten be served consecutive to the sentences on Counts One, Two, and Three, and concurrent to the sentences on the other counts. Thus, the court imposed an aggregate sentence of seven to ten years.

{¶5} At the sentencing hearing, the trial court stated: "The court finds that in this case that the um, consecutive sentence is necessary to protect the public and punish the offender. They are not disproportionate and I find that the offender's criminal history shows the consecutive terms are needed to protect the public." In its judgment entry of sentence, the trial court did not make any consecutive sentence findings and indicated the sentence it imposed was a "negotiated sentence."

## II. ASSIGNMENT OF ERROR

{¶6} Clark presents one assignment of error: "The sentence was contrary to law because the trial court failed to make the proper findings at the sentencing hearing and did not include any consecutive sentence findings in the sentencing entry."

## III. LAW AND ANALYSIS

{¶7} In the sole assignment of error, Clark contends his sentence was contrary to law because the trial court failed to make the proper consecutive sentence findings at the sentencing hearing and did not include any consecutive sentence findings in the sentencing entry. Clark claims the trial court "glossed over" the proportionality finding

required by R.C. 2929.14(C)(4) at the sentencing hearing. Clark asserts that the statute requires two independent findings—that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and that consecutive sentences are not disproportionate to the danger the offender poses to the public. He asserts the trial court said only that consecutive sentences were "not disproportionate," which "begs the question: disproportionate to what?" Clark maintains that the trial court's finding is insufficient "because the record does not indicate what the court found to not be disproportionate." He also asserts that because no consecutive sentence findings were included in the sentencing entry, "any error based on the trial court's deficient findings at the sentencing hearing [was] not remedied in the entry." Therefore, he contends that we should find the consecutive sentences are contrary to law and "amend the sentence to comport with" the statutory presumption in favor of concurrent sentences.

{¶8} The State contends that according to the judgment entry of sentence, Clark received a "negotiated sentence," so he cannot appeal his sentence pursuant to R.C. 2953.08(D)(1), and the trial court did not have to make consecutive sentence findings. Alternatively, the State asserts that the trial court made sufficient oral findings regarding consecutive sentences at the sentencing hearing. The State concedes the trial court did not put its consecutive sentence findings in the judgment entry of sentence but asserts that the court can add them via a nunc pro tunc entry.

{¶9} R.C. 2953.08(A)(4) authorizes a defendant who is convicted of or pleads guilty to a felony to appeal as a matter of right the sentence imposed on the defendant on the ground that it is contrary to law. R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized

by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  In this case, R.C. 2953.08(D)(1) is inapplicable because even though the trial court stated Clark's sentence was a "negotiated sentence" in the sentencing entry, it is evident that statement is a clerical error because the parties recommended an aggregate sentence of six to nine years, and the trial court imposed an aggregate sentence of seven to ten years.  Thus, Clark's sentence is subject to review under R.C. 2953.08.

{¶10}  R.C. 2953.08(G)(2) states:

The court hearing an appeal under [R.C. 2953.08(A), (B), or (C)] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

"R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4)."  *State v. Jones*, 2024-Ohio-1083, ¶ 12.

**{¶11}** "R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only 'if it clearly and convincingly finds' that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *Id.* at ¶ 13, citing R.C. 2953.08(G)(2), and *State v. Marcum*, 2016-Ohio-1002, ¶ 22. "The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and 'clearly and convincingly f[ound] either * * * [t]hat the record does not support the sentencing court's findings under [certain statutes]' or '[t]hat the sentence is otherwise contrary to law,' R.C. 2953.08(G)(2)." (Bracketed text in original.) *Id.*

**{¶12}** Clark did not object to the imposition of consecutive sentences at the sentencing hearing and has therefore forfeited all but plain-error review. *State v. Raines*, 2024-Ohio-3236, ¶ 55 (4th Dist.), citing *State v. Whitaker*, 2022-Ohio-2840, ¶ 166, 171. "A party asserting plain error must demonstrate that an obvious error occurred and that there is a reasonable probability it resulted in prejudice, meaning it affected the outcome of the proceeding." *Id.*, citing *State v. Knuff*, 2024-Ohio-902, ¶ 117. "'It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error.'" *State v. Price*, 2024-Ohio-1641, ¶ 7 (4th Dist.), quoting *State v. Burrell*, 2024-Ohio-638, ¶ 14 (11th Dist.).

**{¶13}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** "Though 'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings.'" (Ellipsis in original.) *Jones*, 2024-Ohio-1083, at ¶ 11, quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. "'Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.'" *Id.*, quoting *Bonnell* at ¶ 37. "A failure to make the appropriate R.C. 2929.14(C)(4) findings renders a consecutive sentence contrary to law." *State v. Brickles*, 2021-Ohio-178, ¶ 7 (4th Dist.). However, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30.

{¶15} Clark does not argue plain error, and even if he had, he has not shown that the trial court erred, let alone plainly erred, when it ordered him to serve the sentence on Count Ten consecutive to the sentences on Counts One, Two, and Three. In *State v. Plymale*, 2016-Ohio-3340 (4th Dist.), the trial court found consecutives sentences were "not disproportionate" at the sentencing hearing and in the sentencing entry, dropping the phrase "to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Plymale* at ¶ 54-56. The defendant argued the phrase "not disproportionate" was insufficient because the trial court "did not identify what the sentence was not disproportionate to." *Id.* at ¶ 60. In rejecting this argument, we explained that the trial court "specifically identified all three of the factors listed in" R.C. 2929.14(C)(4), and that "[i]n finding that consecutive sentences 'are not disproportionate,' the court showed that it was considering the proportionality factor." *Id.* at ¶ 63. We explained that even though the defendant insisted that "we must presume the court erred and balanced the wrong factors," "neither [the defendant] nor the record indicates what incorrect factors the court might have used," and "plain error analysis requires that [the defendant] show an actual obvious error—not one that possibly may have occurred." *Id.* at ¶ 60.

{¶16} Here, as in *Plymale*, the trial court specifically identified all three of the factors listed in R.C. 2929.14(C)(4), and in finding that consecutives sentences are "not disproportionate," the trial court showed that it was considering the proportionality factor. Neither Clark nor the record indicates any incorrect factors the court might have used in its proportionality analysis. Accordingly, we do not clearly and convincingly find that the imposition of consecutive sentences is contrary to law. Clark has not shown error, let

alone plain error, in the imposition of consecutive sentences.  And because the sentence is not contrary to law, we overrule the sole assignment of error and affirm the trial court's judgment.  However, we remand for the trial court to issue a nunc pro tunc judgment entry of sentence incorporating all consecutive sentence findings announced at the sentencing hearing and deleting the court's statement about Clark receiving a "negotiated sentence."

JUDGMENT AFFIRMED AND CAUSE REMANDED<br>FOR NUNC PRO TUNC ENTRY.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED AND CAUSE REMANDED FOR NUNC PRO TUNC ENTRY and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
      Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**