[Cite as *State v. Cox*, 2025-Ohio-307.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Joseph Cox

    Appellant

Court of Appeals No.  L-23-1198
L-23-1303
L-23-1304

Trial Court No.  CR-19-1769
CR-23-1310
CR-23-1353

**DECISION AND JUDGMENT**

Decided:  January 31, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} In this consolidated appeal, appellant, Joseph Cox, appeals the August 10,

2023 judgments of the Lucas County Court of Common Pleas, following Cox's no

contest pleas to two counts of attempted failure to comply with the order of a police officer, fourth and fifth-degree felonies, and a postrelease control violation. For the reasons that follow, the trial court's judgment is affirmed; however, the matter is remanded for the trial court to issue nunc pro tunc sentencing judgment entries that conform with the sentence imposed during the sentencing hearing.

## I. Facts and Procedural History

{¶ 2} In March 2023, the Lucas County Grand Jury returned two indictments against Cox. The indictment in case No. CR23-1310 charged Cox with obstructing official business, R.C. 2921.31(A) and (B), a fifth-degree felony, and failure to comply with the order of a police officer, R.C. 2921.331(B), (C)(1) and (C)(4), a fourth-degree felony. The indictment in case No. CR23-1353 charged Cox with failure to comply with the order of a police officer, R.C. 2921.331(B), (C)(1), and (C)(5)(a)(ii), a third-degree felony, and failure to stop after an accident, R.C. 4549.02(A)(1), a first-degree misdemeanor.

{¶ 3} On the dates charged in the indictments, Cox was on postrelease control in Lucas County case No. CR19-1769. At his sentencing in that case, the trial court notified Cox that the commission of a new felony while on postrelease control could result in the court sending him "back to prison for the unserved portion of your Post Release Control time or add 12 months on top of and consecutive to whatever time you might get for that new felony conviction." Cox was also on postrelease control for convictions in Fulton County.

2.

**{¶ 4}** Under a plea agreement with the State, Cox pleaded no contest in case No. CR23-1310 to the lesser included charge of attempted failure to comply with an order of a police officer, a fifth-degree felony. In case No. CR23-1353, he pleaded no contest to attempted failure to comply with the signal of a police officer, a fourth-degree felony. The plea form stated: "If I am now on felony Post Release Control, this plea may result in revocation proceedings and any new felony sentence shall be imposed consecutively." The remaining counts were nolled.

**{¶ 5}** At the August 9, 2023 sentencing hearing, the trial court sentenced Cox to 11 months of imprisonment in case No. CR23-1310 and to a 17-month prison term in case No. CR23-1356. The court stated:

> By law the sentences must be served concurrent with one another. In addition, post-release control will be terminated in case – Lucas County case CR19-1769 and Fulton County cases 19CR63, 19CR68 and 19CR107. The defendant shall order – be ordered to serve 151 days with respect to the termination of post-release control and by law that sentence must be served consecutive with the sentence in these cases. The time in case 2023-1353 and 2023-1310 shall be ordered served concurrent with the time the defendant is – was ordered to serve in the new Fulton County case.

**{¶ 6}** On August 10, 2023, the trial court filed three sentencing judgment entries. In case No. CR23-1310, the judgment entry provides:

> It is ORDERED that defendant serve a term of 11 months in prison. . . . Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on post release control and pursuant to the statute in R.C. 2921.331, therefore the sentence is ordered to be served consecutively to CR23-1353. The sentences are ordered to be served consecutively to the Post Release

3.

Control Sanctions in CR19-1769, [Fulton County cases]19CR63, 19CR68, and 19CR106.

{¶ 7} Using near-identical language, the sentencing judgment entry in case No. CR23-1353, ordered that Cox's 17-month prison sentence be served consecutive to his sentence in case No. CR23-1310, and consecutive to his sentences for the Lucas and Fulton County postrelease control violations.

{¶ 8} Finally, the sentencing judgment entry in case No. CR19-1769 provided: "[T]he Court imposes an additional sentence of 1 year or the time remaining on defendant's post-release control minus any time the defendant has spent under post-release control, whichever is longer of which is 151 days.  The sentence is ordered served consecutively to the sentence imposed in CR23-1310 & CR23-1353."

{¶ 9} This appeal followed.

## II. Assignment of Error

Cox raises the following assignment of error on appeal:

I. The Court Erred When It Imposed Consecutive Sentences.

## III. Analysis

{¶ 10} Cox's sole assignment of error challenges the trial court's imposition of consecutive sentences.  Specifically, he contends that the sentences are contrary to law because the court failed to make the required R.C. 2929.14(C)(4) findings.

{¶ 11} This court reviews felony sentences under R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and

4.

remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} Prior to imposing a consecutive sentence under R.C. 2929.14(C)(4), a trial court is required to make certain findings. Where, however, a defendant on postrelease control commits a new felony, R.C. 2929.141(A) provides:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation *shall be served consecutively to any prison term imposed for the new felony*. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony. (Emphasis added.)

Under this statute, therefore, a trial court must order a prison term imposed for a violation of postrelease control to run consecutively to any prison term imposed for a new felony conviction. And when imposing consecutive sentences under R.C. 2929.141(A), a trial

court is not required to make any findings under R.C. 2929.14(C)(4). *State v. King*, 2022-Ohio-3359, ¶ 14 (6th Dist.), citing *State v. Pena*, 2014-Ohio-3438, ¶ 12 (6th Dist.).

{¶ 13} At the sentencing hearing, the trial court also imposed a 17-month sentence in case No. CR23-1353, to be served concurrently with the 11-month prison term in case No. CR23-1310. Yet, the sentencing entries provide that Cox must serve these sentences consecutively. In addition, at sentencing, the court neither referenced R.C. 2929.14(C)(4) nor any of the factors.

{¶ 14} The State concedes the "inconsistencies" between the sentencing hearing and the sentencing judgment entries but contends that the errors are merely clerical and can be corrected by the trial court issuing nunc pro tunc entries.

{¶ 15} A nunc pro tunc judgment entry may be used to "correct clerical mistakes in judgments or orders arising from oversight or omissions." *State v. Thompson*, 2024-Ohio-991, ¶ 13 (6th Dist.), citing *State v. Voyles*, 2010-Ohio-90, ¶ 10 (6th Dist.). A "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. (Citations omitted.) *Id.*

> A nunc pro tunc entry cannot be used to resentence a defendant or to impose a sanction that the court did not impose as part of the sentence at the sentencing hearing, but it can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at a sentencing hearing. [*State v.*] *Aarons* [2021-Ohio-3671] at ¶ 26, citing *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14. *See also State v. Ferrell*, 8th Dist. Cuyahoga No. 85821, 2005-Ohio-5992, ¶ 21.

*State v. Green*, 2022-Ohio-3922, ¶ 8 (8th Dist.); *see also State v. Clark*, 2024-Ohio-5717, ¶ 16 (4th Dist.) ("[W]e remand for the trial court to issue a nunc pro tunc judgment entry

6.

of sentence incorporating all consecutive sentence findings announced at the sentencing hearing…").

{¶ 16} In *Green*, at the sentencing hearing the trial court ordered that Green's 36-month and 180-day sentences be served concurrently. However, the court's sentencing judgment entry stated that Green's 180-day sentence was to be "'served prior to and consecutive with 36 months on Count 5.'" *Id.* at ¶ 5. Green appealed arguing that the sentencing entry misstates the sentence imposed on him. *Id.* at ¶ 6. Agreeing with Green, the appellate court concluded that the sentencing entry contained a clerical error correctable by a nunc pro tunc judgment entry. *Id.* at ¶ 9.

{¶ 17} Similarly, in *State v. Clemonts*, 2020-Ohio-685, ¶ 23 (10th Dist.), at the resentencing hearing, the trial court ordered concurrent sentences on three counts. *Id.* at ¶ 13. In the sentencing judgment entry, however, the court ordered that the sentences be served consecutively. *Id.* at ¶ 14. On appeal, the State conceded the judgment entry's error in stating that the sentences would run consecutively; it characterized the error as clerical and capable of correction through a nunc pro tunc order. *Id.* at ¶ 23. The court agreed and remanded the matter ordering the trial court to issue nunc pro tunc entries correcting the clerical mistakes. *Id.* at ¶ 24.

{¶ 18} In the present matter, the error in the trial court's sentencing entry ordering the term imposed in case No. CR23-1353 to be served consecutively to the prison term in case No. CR23-1310 is clerical and correctable by a nunc pro tunc order. Accordingly, case Nos. CR23-1353 and CR23-1310, are remanded to the trial court to issue nunc pro tunc judgment entries reflecting the actual sentence imposed on Cox at the sentencing

7.

hearing. To the extent that Cox is arguing that the court erred by ordering his sentences in the 2023 cases to be served consecutive to the sentence imposed for his postrelease control violation, as set forth above, R.C. 2929.141(A)(1) does not require the trial court make any specific findings prior to imposing a consecutive sentence. *King*, 2022-Ohio-3359, at ¶ 14. Accordingly, Cox's assignment of error is well taken, in part.

### IV. Conclusion

{¶ 19} The Lucas County Court of Common Pleas' judgments in CR23-1310 and CR23-1353 are reversed and the matter is remanded for the limited purpose of issuing nunc pro tunc entries conforming to the sentence imposed on Cox at the sentencing hearing. The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. _____

Myron C. Duhart, J. _____

Charles E. Sulek, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.