[Cite as *State v. Delong*, 2025-Ohio-534.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| THOMAS A. DELONG | : | Case No. CT2024-0048 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. CR2023-0629


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            February 19, 2025


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH A. PALMER                      CHRIS BRIGDON
27 North Fifth Street                 8138 Somerset Road
Zansesville, OH  43702                Thornville, OH  43076

*King, J.*

{¶ 1} Defendant-Appellant, Thomas A. Delong, appeals his April 18, 2024 sentence by the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 20, 2023, the Muskingum County Grand Jury indicted Delong on one count of counterfeiting in violation of R.C. 2913.30, one count of obstructing official business in violation of R.C. 2921.31, and one count of resisting arrest in violation of R.C. 2921.33.

{¶ 3} On March 11, 2024, Delong pled guilty to one count of attempted counterfeiting, a felony in the fifth degree. The remaining counts were dismissed. A sentencing hearing was held on April 15, 2024. By entry filed April 18, 2024, the trial court sentenced Delong to the maximum sentence of twelve months in prison. The trial court also terminated Delong's post-release control out of Franklin County and imposed the remainder of the time left on post-release control to be served consecutively to the twelve-month prison sentence.

{¶ 4} Delong filed an appeal with the following assignments of error:

I

{¶ 5} "DID THE TRIAL COURT ERROR WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE?"

II

{¶ 6} "SHOULD THIS HONORABLE COURT VACATE THE TRIAL COURT'S DECISION TO IMPOSE PRC TIME AS A CONSECUTIVE SENTENCE?"

I

{¶ 7}   In his first assignment of error, Delong claims the trial court erred in imposing the maximum allowable sentence.  We disagree.

{¶ 8}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 10} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42.  The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22.  "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 11} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds,* 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 12} "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).

{¶ 13} There is no dispute that the maximum sentence of twelve months imposed herein is within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5) ("a definite term of six, seven, eight, nine, ten, eleven, or twelve months").

{¶ 14} The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Delong himself. The trial court reviewed Delong's criminal history which included prior convictions in 2007, 2009, and 2023 (trafficking in cocaine, unauthorized occupancy of a building, robbery, attempted escape, obstructing official business, and falsification, respectively), as well as several juvenile offenses in 2005 and 2006 (receiving stolen property, carrying a concealed weapon, assault, and possession of drugs). April 15, 2024 T. at 10-11. Delong was currently on community control and post-release control. *Id.* at 8-9. Delong admitted he had "123 write-ups while in prison." *Id.* at 11. The trial court noted Delong's long institutional summary report and his "horrible record." *Id.*

{¶ 15} In its entry, the trial court indicated it considered "the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." The trial court noted Delong "has an extensive felony and misdemeanor record dating back to a juvenile,

was on Post Release Control and Community Control at the time of the offenses herein, and has a long institutional summary report."

{¶ 16} Upon review, we find the sentence is within the authorized statutory range, the trial court considered the factors set forth in R.C. 2929.11 and 2929.12 and properly imposed post release control, and there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations; the sentence is not contrary to law.

{¶ 17} Assignment of Error I is denied.

II

{¶ 18} In his second assignment of error, Delong claims the trial court erred in imposing post-release control time as a consecutive sentence. We disagree.

{¶ 19} In support of his argument, Delong cites R.C. 2967.28(F)(4); that section no longer exists as of September 30, 2021. *See* Am.Sub.H.B. No 11, 2021 Ohio Laws 30. Further, as noted by our colleagues from the Sixth District, R.C. 2967.28(F)(4) addressed the imposition of post-release control "[']following an offender's release from prison on a new felony committed while on post-release control,' not the imposition of a prison term at a sentencing for a new offense committed while under post-release control." *State v. King*, 2022-Ohio-3359, ¶ 16, fn. 1 (6th Dist.).

{¶ 20} The applicable statute here is R.C. 2929.141 which governs commission of offense by person under post-release control. Subsection (A)(1) states upon conviction of a felony by a person on post-release control at the time of the commission of the felony, a trial court may terminate the term of post-release control and may impose a prison term for the post-release control violation. The section mandates that a "prison term imposed

for the violation *shall* be served consecutively to any prison term imposed for the new felony." (Emphasis added.) Terminating post-release control and imposing a prison term for a violation is within a trial court's discretion, but if a prison term is imposed, consecutive service is mandatory, not discretionary.

{¶ 21} When imposing consecutive sentences under R.C. 2929.141(A), a trial court is not required to make any findings under R.C. 2929.14(C)(4). *King* at ¶ 14, citing *State v. Pena*, 2014-Ohio-3438, ¶ 12 (6th Dist.). In exercising its discretion under R.C. 2929.141, a trial court is not required to make any findings before terminating post-release control and imposing a prison sentence for the violation, but "must consider the statutory criteria that apply to any felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12." *King* at ¶ 16, citing *State v. Smith*, 2021-Ohio-3099, ¶ 25 (8th Dist.); *State v. Barron*, 2012-Ohio-5787, ¶ 16 (2d Dist.).

{¶ 22} The trial court found Delong was no longer amenable to post-release control and as stated above, indicated it considered the factors set forth in R.C. 2929.11 and 2929.12; therefore, the sentence is not contrary to law. April 15, 2024 T. at 11; Entry filed April 18, 2024.

{¶ 23} Upon review, we find the trial court did not err in imposing post-release control time as a consecutive sentence.

{¶ 24} Assignment of Error II is denied.

{¶ 25} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By King, J.

Baldwin, P.J. and

Hoffman, J. concur.