[Cite as *State v. Gould*, 2025-Ohio-2158.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| DUSTIN ALLEN GOULD, | : | Case No. 24AP0012 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Morgan County
                                     Court of Common Pleas, Case No.
                                     19CR0021


JUDGMENT:                            Remanded


DATE OF JUDGMENT:                    June 18, 2025


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

NO APPEARANCE                        BRIAN W. BENBOW
                                     Benbow Law Offices LLC
                                     265 Sunrise Center Drive
                                     Zanesville, Ohio 43701

*Baldwin, P.J.*

{¶1}   Appellant Dustin Allen Gould appeals the sentence imposed by the trial court in its September 26, 2024, "Sentencing Entry-Prison Imposed", which levied consecutive sentences when the court had imposed concurrent sentences at the September 24, 2024, Sentencing Hearing. The appellee did not file an appellate brief.

{¶2}   For the reasons that follow, we remand the matter to the trial court for the sole purpose of issuing a nunc pro tunc entry which provides that the appellant's sentences shall be served concurrently, as was imposed at the sentencing hearing.

## STATEMENT OF THE FACTS AND THE CASE

{¶3}   On April 4, 2019, the appellant was indicted on the following: Count One, Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; Count Two, Grand Theft in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree; and, Count Three, theft from a person in a protected class in violation of R.C. 2913.13(A)(1), a felony of the fourth degree. The trial court appointed counsel for the appellant, who pleaded not guilty at his February 14, 2022, arraignment.

{¶4}   The appellant ultimately entered into a plea agreement with the appellee, and a Plea Hearing was conducted on August 28, 2024. The trial court heard statements from both the appellee and the appellant's counsel regarding the charges and the plea agreement. The court provided all necessary advisements to the appellant, engaged in the requisite Crim.R. 11 colloquy, and accepted the appellant's guilty plea. "Guilty Plea Entry", "Plea of Guilty, Waiver of Rights, and Notification", and "Post-Release Control Advisement and Entry" documents were also filed on August 28, 2024, a sentencing

hearing was scheduled, and the court ordered a Pre-Sentence Investigation and an ORAS report.

{¶5}    The Sentencing Hearing proceeded on September 24, 2024, at which time the trial court imposed sentence as follows:

So with that being said, I've already ordered the restitution. I'm going to - - I'm going to impose on Counts 1 and 2, 36 months of prison. I'm going to run that concurrent. On Count 3, I'm going to impose 17 months, and I'm going to run that concurrent, too. So, it's 36 months is what you're getting at the end of the day.

On September 26, 2024, the court issued a Sentencing Entry-Prison Imposed, which provided:

The Court orders the prison sentences imposed for Count(s) 1 and 2 be served ⊠ CONCURRENTLY to each other. The Court orders the prison sentences imposed for Count(s) 3 to be served CONSECUTIVELY to Counts 1 & 2.

{¶6}    The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

{¶7}    "I. THE COURT COMMITTED PREJDUICIAL [SIC] ERRED [SIC] IN STATING A DIFFERENT PRISON SENTENCE AT SENTENCING THAN WHAT THE SENTENCING ENTRY ORDERED."

**STANDARD OF REVIEW**

**{¶8}** We review the imposition of a felony sentence through the lens of R.C. 2953.08, which addresses appeals based upon the felony sentencing guidelines and states in pertinent part:

(G)(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**ANALYSIS**

**{¶9}** The facts of this case are analogous to those addressed by our brethren from the Sixth District in *State v. Cox,* 2025-Ohio-307 (6th Dist.):

At the sentencing hearing, the trial court also imposed a 17-month sentence in case No. CR23-1353, to be served concurrently with the 11-

month prison term in case No. CR23-1310. Yet, the sentencing entries provide that Cox must serve these sentences consecutively….

The State concedes the "inconsistencies" between the sentencing hearing and the sentencing judgment entries but contends that the errors are merely clerical and can be corrected by the trial court issuing nunc pro tunc entries.

A nunc pro tunc judgment entry may be used to "correct clerical mistakes in judgments or orders arising from oversight or omissions." *State v. Thompson*, 2024-Ohio-991, ¶ 13 (6th Dist.), citing *State v. Voyles*, 2010-Ohio-90, ¶ 10 (6th Dist.). A "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. (Citations omitted.) *Id.*

> A nunc pro tunc entry cannot be used to resentence a defendant or to impose a sanction that the court did not impose as part of the sentence at the sentencing hearing, but it can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at a sentencing hearing. [*State v.*] *Aarons* [2021-Ohio-3671] at ¶ 26, citing *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14. *See also State v. Ferrell*, 8th Dist. Cuyahoga No. 85821, 2005-Ohio-5992, ¶ 21.

*State v. Green*, 2022-Ohio-3922, ¶ 8 (8th Dist.); *see also State v. Clark*, 2024-Ohio-5717, ¶ 16 (4th Dist.) ("[W]e remand for the trial court to issue a

nunc pro tunc judgment entry of sentence incorporating all consecutive sentence findings announced at the sentencing hearing ...").

*Id.* at ¶¶ 13-15. The *Cox* court thus held:

> In the present matter, the error in the trial court's sentencing entry ordering the term imposed in case No. CR23-1353 to be served consecutively to the prison term in case No. CR23-1310 is clerical and correctable by a nunc pro tunc order. Accordingly, case Nos. CR23-1353 and CR23-1310, are remanded to the trial court to issue nunc pro tunc judgment entries reflecting the actual sentence imposed on Cox at the sentencing hearing….

*Id.* at ¶ 18.

**{¶10}** So, too, may the clerical error in the case sub judice be corrected by a nunc pro tunc entry. The trial court ordered at the September 24, 2024, sentencing hearing that the appellant's 17-month sentence on Count Three be served concurrently with his 36-month sentence on Counts One and Two. The trial court's September 26, 2024, sentencing entry, which ordered that the term imposed on Count Three be served consecutively to the prison term in Counts One and Two, contains a clerical mistake that can be corrected by a nunc pro tunc order. See, also, *State v. Richmond*, 2025-Ohio-1076 (5th Dist.), in which this Court remanded the matter to the trial court for the issuance of a nunc pro tunc entry conforming the sentencing entry with the sentence that was imposed at the sentencing hearing ("…we must remand the matter for the limited purpose of correcting that Entry." *Id.* at ¶18.).

**{¶11}** We therefore remand this matter to the trial court with instructions to issue a nunc pro tunc entry ordering that the appellant's 17-month sentence for Count Three be served concurrently with the 36-month sentence for Counts One and Two, as was imposed by the trial court at the September 24, 2024, sentencing hearing.

## CONCLUSION

**{¶12}** Based upon the foregoing, appellant's sole assignment of error is sustained for the limited purpose of remanding the matter to the Morgan County Court of Common Pleas with instructions to issue a nunc pro tunc entry as set forth above.

By: Baldwin, P.J.

Hoffman, J. and

Popham, J. concur.