[Cite as *State v. Greene*, 2026-Ohio-574.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-018 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 24-CRI-314 |
| TAESHAWN GREENE | Judgment: Sentence Vacated and Remanded |
| Defendant - Appellant | Date of Judgment Entry: February 19, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; David M. Gormley, Appellate Judges

**APPEARANCES:** JAMES B. REESE III, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant, Taeshawn Greene, appeals his May 19, 2025 sentence from the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We vacate the sentence and remand to the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 19, 2024, the Ashland County Grand Jury indicted Greene on one count of breaking and entering in violation of R.C. 2911.13 (Count 1), one count of attempted grand theft in violation of R.C. 2923.02 (Count 2), one count of possessing criminal tools in violation of R.C. 2923.24 (Count 3), and one count of receiving stolen property in violation of R.C. 2913.51 (Count 4).

{¶ 3}   On April 4, 2025, Greene pled guilty to Counts 1, 3, and 4; Count 2 was dismissed.  By judgment entry filed May 19, 2025, the trial court sentenced Greene to ninety days in jail and two years of community control and imposed $100 fines on each count.

{¶ 4}   Greene filed an appeal with the following assignment of error:

I

{¶ 5}   "THE TRIAL COURT'S SENTENCING ENTRY WAS IN ERROR DUE TO THE CLERICAL ERRORS OMITTING THE DESCRIPTION OF RECEIVING STOLEN PROPERTY AS 'COUNT FOUR,' AND IN IMPOSING A SENTENCE ON 'COUNTS ONE, TWO AND THREE,' RATHER THAN 'COUNTS ONE, THREE, AND FOUR,' TO WHICH APPELLANT PLEADED GUILTY."

I

{¶ 6}   In his sole assignment of error, Greene claims the trial court erred in its sentencing entry.  We agree.

{¶ 7}   Greene argues the trial court's judgment entry on sentencing contains typographical errors: 1) it fails to identify receiving stolen property as Count 4; and 2) it refers to the pled counts as Counts 1, 2, and 3 instead of Counts 1, 3, and 4.  He seeks a remand to the trial court to issue a nunc pro tunc entry to correct the errors.

{¶ 8}   As noted by this court in *State v. Smith,* 2025-Ohio-5127, ¶ 9 (5th Dist.):

A nunc pro tunc order may be used to "'correct clerical mistakes in judgments or orders arising from oversight or omissions.'"  *State v. Gould,* 2025-Ohio-2158, ¶ 9 (5th Dist.), quoting *State v. Thompson,* 2024-Ohio-

991, ¶ 13 (6th Dist.).  "A 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."  *Id*.

{¶ 9}  The State concedes that the judgment entry on sentencing contains typographical errors and is not opposed to Greene's request for a nunc pro tunc entry to correct the errors.

{¶ 10} Upon review, we find the trial court's judgment entry on sentencing does not correctly reflect the counts on which Greene was sentenced; typographical errors in the judgment entry on sentencing need rectified.  April 4, 2025 T. at 15-16; May 19, 2025 T. at 3.  The matter is remanded to the trial court to correct the judgment entry on sentencing. This limited remand does not affect Greene's convictions or the substantive terms of his sentence but merely corrects the judgment entry to conform to what occurred in open court at the sentencing hearing.

{¶ 11} The sole assignment of error is granted.

{¶ 12} For the reasons stated in our accompanying Opinion, the sentence of the Ashland County Court of Common Pleas is VACATED and the matter is REMANDED for the issuance of a nunc pro tunc sentencing entry to correct the complained of errors.

{¶ 13} Costs to Appellee.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.